UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARSHALL BURRAGE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) |
| v. | ) Case No. 4:17-CV-2395-NAB |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the undersigned on the petition of Missouri state prisoner Marshall Burrage ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [ECF No. 7.] For the following reasons, the petition will be denied.

**I. FACTUAL BACKGROUND**

The facts that formed the basis for Petitioner's convictions are set forth in the Missouri Court of Appeals' opinion denying Petitioner's direct appeal, as follows.[1]

> Burrage and his cousin—a known drug dealer from Kansas City—were driving around St. Louis one day when Burrage got a call from a person whose friend (hereafter "the victim") was interested in purchasing marijuana. Burrage was known to have a connection to people who sold marijuana, namely his cousin. Burrage asked his cousin the cost for three pounds of marijuana and then conveyed that information to the person on the phone and told him to have the victim call Burrage. When the victim called, Burrage confirmed the price, and the victim agreed to buy three pounds of marijuana for $1950. Burrage expected to get "something" when the deal was done.

---

[1] Petitioner's trial began on January 21, 2014, and a verdict was reached on January 23, 2014. Resp't Ex. E.

> Burrage drove to his house—where his cousin was staying while in town—to retrieve the marijuana stashed in his cousin's suitcases. They put the drugs in the vehicle, and Burrage called the buyers about where to meet. Burrage suggested a couple of places, but ultimately the buyers wanted to meet in their own neighborhood. Burrage drove to the designated meeting place, and, as they approached, his cousin slipped into the back passenger seat because he did not want any of the buyers sitting behind him.
>
> As Burrage pulled up to the meeting spot, there were men waiting. When the vehicle stopped, the victim walked around the back of the vehicle, got into the front passenger seat and kept the door propped open with his foot. Burrage and his cousin asked about the money, and then Burrage noticed one of the other men (hereafter "the victim's accomplice") approaching the vehicle. The victim's accomplice attempted to get inside the back seat on the driver's side. At this point, Burrage also noticed that the victim did not appear to have any money and figured out that they were going to be robbed. In fact, as it turned out, the victim and his accomplices never had any intention of paying for the drugs and had always planned to rob Burrage and his cousin.
>
> Burrage saw the victim's accomplice reach for a bulge at his side and then saw the nose of a gun. Multiple shots were fired. The victim jumped out, and Burrage drove away. Burrage heard more shots being fired as they drove away, and the victim's accomplice was seen on a surveillance video firing a .45 caliber gun as the vehicle drove away. All of the seven casings recovered from the scene were .45 caliber and had been fired from the same automatic weapon.
>
> But there was also a copper jacket found at the scene that could have been fired from an automatic weapon or a revolver. Unlike an automatic weapon, revolvers do not discharge their casings. Burrage knew his cousin usually carried a big revolver and told police that he believed his cousin had his gun with him that day; he also said he "probably" fired the gun during the incident. The victim was later found nearby, having died of a gunshot wound through his back. The nature of the wound was consistent with either being fired by a person seated behind the victim (which could have been Burrage's cousin) or by a person off to the victim's left side (which could have been the victim's accomplice).

Resp't Ex. D at 1-3.

In his direct appeal, Petitioner asserted two points of error. First, he argued the trial court erred in denying Petitioner's motion for judgment of acquittal because there was insufficient evidence from which a reasonable juror could find Petitioner committed felony murder. Second, he argued the trial court also erred in denying Mr. Burrage's motion for judgment of acquittal

because there was insufficient evidence from which a reasonable juror could find Petitioner acting with another attempted to deliver more than five grams of marijuana and did so by, with, or through the use of a deadly weapon. Resp't Ex. A at 11-13. On June 30, 2015, the Missouri Court of Appeals denied both points of error on the merits and affirmed the judgment of the trial court. Resp't Ex. D.

On September 21, 2015, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Resp't Ex. H, at 6-24.[2] On January 6, 2016, acting through counsel, Petitioner filed an amended motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. *Id.* at 27-37.[3] In the amended motion, Petitioner asserted four claims of ineffective assistance of trial counsel: (1) trial counsel failed to argue that Petitioner's statements to law enforcement should be suppressed as he was under the influence of alcohol and pain killers; (2) trial counsel failed to inform the court that Petitioner was under the influence of pain killers at the time of his trial testimony and request that the court allow Petitioner to testify at another time when he was not so influenced by medication; (3) trial counsel failed to present any form of cognizable defense at trial; and (4) the cumulative errors committed by trial counsel are sufficient in their egregiousness to warrant a relief. *Id.* at 29-35. On February 1, 2016, without an evidentiary hearing, the motion court entered an order denying the four claims on the merits. *Id.* at 38-44.

Petitioner appealed the denial of his motion for post-conviction relief. On appeal, Petitioner raised one claim: ineffective assistance of trial counsel in failing to file a motion to suppress statements and object at trial, due to Petitioner being under the influence of alcohol and painkiller

---

[2] Respondent's Exhibit H contains multiple sets of page numbers. Because no other set of page numbers runs throughout the entire document, the Court cites to the page numbers in the electronically filed document.

[3] After filing his pro se motion, an Assistant Public Defender entered an appearance without being appointed, but then Petitioner retained counsel who entered. Resp't Ex. H at 26. Petitioner thus received an extension to file an amended motion for post-conviction relief. *Id.*

3

medications at the time of his interrogation and therefore incapable of intelligently waiving his right against self-incrimination. Resp't Ex. F, at 9-17. On December 20, 2016, the Missouri Court of Appeals found the claim to be without merit and affirmed the judgment of the motion court. Resp't Ex. I.

In the instant *pro se* petition, Petitioner asserts four claims of ineffective assistance of trial counsel: (1) trial counsel failed to have a defense strategy; (2) trial counsel failed to file a motion to suppress his statements to law enforcement because his statements were not made voluntarily or intelligently; (3) trial counsel failed to inform the court that he was under the influence of pain medication during his trial testimony; and (4) the cumulative effect of counsel's errors. [ECF No. 1.]

## II. LEGAL STANDARDS

### A. Legal Standard for Reviewing Claims on the Merits

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas review exists "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). A federal court may not grant habeas relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1)

4

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedents "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted).

### B. Legal Standard for Procedurally Defaulted Claims

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted). To preserve issues for federal habeas review, a state prisoner must fairly present his claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a

5

claim in a post-conviction appeal is an abandonment of a claim. *Id.* at 1150 (cited case omitted). A state prisoner who "fails to follow applicable state procedural rules for raising the claims is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." *Id.* at 1151 (cleaned up) (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Id.* at 411-12. A state-law claim raised in state court that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." *Id.* at 412.

If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *see also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

### III. DISCUSSION

#### A. Grounds One, Three, and Four

In Ground One, Petitioner argues that his trial counsel was ineffective based on counsel's failure to have a defense strategy. In Ground Three, Petitioner argues that his trial counsel was ineffective based on counsel's failure to inform the trial court that he was under the influence of

6

pain medication at his trial testimony and request that the court allow him to testify at another time when not so influenced by medication from having surgery six days prior to the day he testified. In Ground Four, Petitioner argues that his trial counsel was ineffective based on cumulative errors committed by trial counsel.

Respondent argues that these claims have been procedurally defaulted. Petitioner raised these claims in his amended motion for post-conviction relief, *see* Resp't Ex. H. at 31-35, and the claims were denied by the motion court. *See id.* at 41-44. However, as Respondent correctly points out, Petitioner failed to raise these claims in his appeal from the denial of his motion for post-conviction relief, and thus, failed to exhaust them.[4] *See* Resp't Ex. F; *see also Thomas v. Payne*, 960 F.3d 465, 473 (8th Cir. 2020) (quoting *Fink v. State*, 280 Ark. 281, 658 S.W.2d 359, 360 (1983) ("Issues not argued on appeal are considered abandoned.")); *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (claims of ineffective assistance of counsel not presented in motion for post-conviction relief or appeal to the Missouri Court of Appeals are procedurally defaulted).

As discussed above, the Court cannot reach the merits of a procedurally defaulted claim unless Petitioner can demonstrate cause and prejudice for default, or that failure to consider the claims will result in a fundamental miscarriage of justice. *See supra,* Part II.B. The Supreme Court created a "narrow exception" and held in *Martinez v. Ryan* that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

---

[4]    In his petition, Petitioner checked the box "yes" when asked if he appealed Grounds One, Three, and Four. [ECF No. 1 at 5-6, 8-9, 10-11.] However, a review of the record shows that the amended motion for post-conviction relief, filed by Petitioner's counsel, did not include these claims.

7

566 U.S. 1, 17 (2012). In order to show cause for his procedural default under *Martinez*, Petitioner must show that his post-conviction counsel was ineffective under *Strickland* and that the underlying ineffective assistance of counsel claim is substantial. Here, Petitioner cannot make such a showing. Petitioner's post-conviction counsel raised Grounds One, Three, and Four, and the motion court rejected the claims. Thus, *Martinez* is inapplicable. Assuming Petitioner would suggest that his failure to raise these grounds in his appeal of the motion court's denial of his amended motion to vacate, set aside, or correct his sentence was due to ineffective assistance of his appellate counsel, such a claim is also rejected. This is because "[t]he [Supreme] Court made clear that the holding in *Martinez* did not 'concern attorney errors in other kind of proceedings, including appeals from initial-review collateral proceedings….'" *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) citing *Martinez,* 566 U.S. at 16 (explaining the exception "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial…"). Grounds One, Three, and Four were litigated on the merits in his initial-review collateral proceeding, but not preserved on appeal. Thus, unlike Martinez, Petitioner has already had his day in court. These claims are defaulted and for that reason, Grounds One, Three, and Four are denied.

    **B.**   **Ground Two**

In Ground Two, Petitioner argues that his trial counsel was ineffective based on counsel's failure to file a motion to suppress his statements to law enforcement because his statements were not made voluntarily or intelligently as he was under the influence of alcohol and pain medications.

8

Respondent argues that the state court's adjudication of this claim was reasonable and entitled to deference under the AEDPA.

Petitioner's counsel did not file a motion to suppress his statements given to law enforcement even though Petitioner alleges he had taken pain killers and muscle relaxers he was prescribed from a previous surgery, and he had also consumed alcohol that day. Petitioner argues that, under these circumstances, he was not able to voluntarily and intelligently waive his rights under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

A waiver of the Fifth Amendment privilege against self-incrimination is valid if the waiver is made voluntarily, knowingly and intelligently. *Id.* "A waiver is voluntary if it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *United States v. Harper*, 466 F.3d 634, 643 (8th Cir. 2006) (internal quotation omitted), *cert. denied*, 549 U.S. 1273, 127 S.Ct. 1504, 167 L.Ed.2d 242 (2007). In order to determine whether a confession was voluntary, the Eighth Circuit looks to the "totality of the circumstances and must determine whether the individual's will was overborne." *United States v. Castro–Higuero*, 473 F.3d 880, 886 (8th Cir. 2007) (internal quotation omitted). The Eighth Circuit has also held that sleeplessness, alcohol use and drug use are relevant to the analysis, but "[i]ntoxication and fatigue do not automatically render a confession involuntary." *United States v. Casal*, 915 F.2d 1225, 1229 (8th Cir. 1990). Instead, "the test is whether these mental impairments caused the defendant's will to be overborne." *Id.* For instance, the appellate court has upheld the conclusion that a suspect who recently used methamphetamine and had not slept for five days voluntarily waived his *Miranda* rights where police officers testified that they had no knowledge of these alleged impairments, and the suspect did not act intoxicated. *Id.* Similarly, the Eighth Circuit has upheld a district court's conclusion that a suspect who used methamphetamine the evening before and marijuana the day

he waived his rights consented voluntarily because police officers testified he appeared "sober and in control of his facilities." *United States v. Contreras*, 372 F.3d 974, 977 (8th Cir. 2004).

Federal habeas review of an ineffective assistance of counsel claim is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). First, a petitioner must overcome the high bar of *Strickland v. Washington* by showing that (1) counsel's performance fell below an objective standard of reasonableness and (2) petitioner was sufficiently prejudiced such that "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 (1984). "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693).

Second, under 28 U.S.C. § 2254, Petitioner must demonstrate that the state court's adjudication of his ineffective assistance claim was "unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."). Both the *Strickland* standard and the standard set forth in § 2254 are highly deferential. Ultimately, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105. "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [the petitioner] must show that the [state court] applied *Strickland* to the facts

of his case in an objectively unreasonable manner." *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004) (quoting *Bell v. Cone*, 535 U.S. 685, 698-99 (2002)).

When Petitioner raised this claim in his Rule 29.15 motion, the motion court held as follows:

> The [c]ourt finds that [Petitioner]'s claim is without merit for the reason that there is no allegation of coercive police conduct. [Petitioner] merely alleges he had been taking pain killers and muscle relaxers for years, and he consumed an unspecified amount of alcohol. These allegations, even if true, would not alone have resulted in the suppression of his statements.

Resp't Ex. H at 40-41. Petitioner appealed the motion court's decision and the Missouri Court of Appeals affirmed that denial. Resp't Ex. I. In reviewing the claim on appeal, Missouri Court of Appeals properly recognized that *Strickland* provided the governing law and upheld the motion court's denial. Resp't Ex. I, at 5-6. The Missouri Court of Appeals explained:

> In his motion, [Petitioner] alleged he had taken painkillers and muscle relaxers for "several years" and he had also consumed alcohol on the day he made the statements to the police about what happened on May 19, 2012, and counsel knew it but failed to move to suppress his statements or object to their admission at trial.
>
> The motion court concluded [Petitioner]'s allegations that he had been taking painkillers and muscle relaxants for several years and had consumed an unspecified amount of alcohol at some point on the day of the statements were insufficient to show [Petitioner]'s statements should have been suppressed.
>
> We find no error in the motion court's conclusions. [Petitioner] did not plead intoxication on the day he gave the statements to police, only that he had taken his regular medication and had consumed some alcohol and was thus "under the influence" of it. Further, [Petitioner] was informed of his *Miranda* rights and read and signed the *Miranda* rights waiver form. The police did not observe [Petitioner] to be intoxicated.
>
> The fact [Petitioner] may have consumed some alcohol and painkillers the day he waived his rights and gave statements to the police is not sufficient to render his waiver unintelligent. A defendant can validly waive his rights even if he has a deficient mental condition caused by intoxication. A deficient mental condition, whether manifested by delusional behavior or a positive drug test, does not by itself render a statement unintelligent. Further, it has been held that intoxication at the time of a confession does not render the confession unknowing and unintelligent

11

unless the intoxication rises to a mania. A defendant does not have the constitutional right to confess to his crime only when totally rational and properly motivated.

Further, regardless of a defendant's physical or emotional condition, including his or her level of intoxication, a confession is not involuntary within the meaning of the due process clause of the Fourteenth Amendment absent coercive police activity. In the instant case, as the motion court also found, there was no evidence presented of any coercive police activity, and [Petitioner] makes no argument that the police engaged in coercive activity in eliciting his statements.

As such, [Petitioner] cannot show any motion to suppress or objection to his statements at trial as involuntary or unintelligent would have been granted. Counsel is not deemed ineffective for declining to make a non-meritorious objection.

Moreover, [Petitioner] testified at trial. The testimony he gave at trial mirrored the statements he gave to the police, and thus constituted cumulative evidence. Counsel's failure to object to cumulative evidence, even where the trial court would have sustained the objection, does not result in prejudice. Suppression of [Petitioner]'s statements to police would not create a reasonable probability of a different outcome at trial because unlike [Petitioner]'s contention in his motion, the statements did not constitute the only "direct evidence" [Petitioner] intended to participate in or had any knowledge of the delivery of the drugs.

Because [Petitioner]'s Rule 29.15 motion did not allege facts that, if true, would have entitled him to relief, we find no error in the motion court's denial of [Petitioner]'s motion without a hearing.

*Id.* at 6-8 (internal citations omitted).

Petitioner does not allege this decision was contrary to or involved an unreasonable application of federal law or that it was based on an unreasonable determination of the facts. He does not point to any conflicting federal law or any error of fact; he merely reargues the facts that were raised before the state court. The Court finds that the Missouri Court of Appeals' rejection of this claim was not contrary to, or an unreasonable application of, *Strickland*, nor was it based on an unreasonable determination of the facts. Petitioner did not allege sufficient facts to support his argument of involuntariness. The appellate court's conclusion is supported by the record. *See* Resp't Ex. E at 313-359. His trial counsel cannot be deemed ineffective for failing to advance a

12

meritless argument. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). Taking a highly deferential look at counsel's performance as required by *Strickland* through the likewise deferential lens of § 2254(d), the Missouri Court of Appeals' decision is consistent with federal law. *See Cullen v. Pinholster*, 563 U.S. 170, 190, 131 S. Ct. 1388, 1403, 179 L. Ed. 2d 557 (2011). Petitioner is not entitled to relief on Ground Two and it will be denied.

### IV.  CONCLUSION

Based on the foregoing, the Court finds that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied. Because Petitioner has made no showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate judgment in accord with this Order is entered on this same date.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of January, 2023.